**Maria Saucedo CALVILLO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72213.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 20, 2007.*

Filed Dec. 28, 2007.

William B. Bennett, Esq., Manulkin Glaser & Bennett, Fountain Valley, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Melissa Neiman–Kelting, Stephen J. Flynn, Esq., DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and HAWKINS, Circuit Judges.

MEMORANDUM **

Maria Saucedo Calvillo petitions for review of an order of the Board of Immigration Appeals ("BIA") denying her motion

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

to reopen removal proceedings. We dismiss the petition for review.

The evidence Saucedo Calvillo presented with her motion to reopen concerned the same basic hardship grounds as her application for cancellation of removal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence would not alter its prior discretionary determination that she failed to establish the requisite hardship. *See id.* at 600 (holding that 8 U.S.C. § 1252(a)(2)(B)(i) bars this court from reviewing the denial of a motion to reopen where "the only question presented is whether [the] new evidence altered the prior, underlying discretionary determination that [the petitioner] had not met the hardship standard.") (Internal quotations and brackets omitted).

To the extent Saucedo Calvillo contends the BIA failed to consider some or all of the evidence she submitted with the motion to reopen, she has not overcome the presumption that the BIA did review the record. *See Fernandez,* 439 F.3d at 603.

Saucedo Calvillo's contention that the BIA violated her due process rights by failing to rule on her request for a stay of voluntary departure pending a decision on her motion to reopen does not amount to a colorable constitutional claim. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("[T]raditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction"); *see also Azarte v. Ashcroft,* 394 F.3d 1278, 1288–89 (9th Cir. 2005) (where a motion to reopen requests a stay of voluntary departure and is filed

within the voluntary departure period, voluntary departure is automatically stayed).

**PETITION FOR REVIEW DISMISSED.**